Loeing, J.,
delivered the opinion of the court:
In this case the charter-party is not for a time specified, but for voyages specified, and in such cases the rule is, that the owners are bound only to due diligence in the circumstances in which the voyages are made; and if the charterer alleges a want of this diligence he must prove it. The burden of proof, therefore, is on the United States.
The charter-party is dated December 5, 1881, and it pro- ' vides that 11 there shall be paid for the charter' of said steamer the sum of $350 per day, to continue until the said steamer shall return to the port of Boston and the said agent be notified that the said charter has ceased. ” The evidence shows that the charter terminated the 10th January, p. in., and this makes thirty-seven days of service. And' it is for the defendants to show why that number of days should not be paid for.
The defendants objected that the charter-party was' not signed till the 0th of December, and therefore the number of days should be counted from that date. If the evidence offered is admissible, we think it immaterial. The evidence shows that the agreement for the charter was made on the 5th December, and that on that day the vessel entered on her employment under the charter-party by proceeding from her wharf in Boston Harbor to Charlestown navy-yard. And when the charter-party was signed, its date was made on the 5th day of December, and this was the mutual declaration of the parties that it was to operate from then, and according to its tenor.
The evidence showed that a bilge-pump was put into her after the charter was agreed upon. But it also showed'that this was contemplated and arranged for when the agreement was made, and therefore it cannot be objected to now. Besides, it was not shown that this in any way interfered with the loading or coaling of the steamer or delayed her proceeding on her outward voyage, on which she did proceed as soon as she received her sailing-orders.
It was objected that thirty-one days was time enough for a voyage from Boston to Fortress Monroe and back. But the evidence-showed that the vessel was ordered on and performed intermediate voyages. Moreover, because the United States could not furnish at'Fortress Monroe the coal required fora passage thence to Boston, the steamer was ordered tó New *191 York to get more coal; and the evidence is that she took coal there as soon as the United States furnished it and left in due season afterward.
The evidence also showed that by stress of weather the steamer was obliged to put into New Haven Harbor, and was there disabled in getting under way by her wheel coming off’ the shaft; and the evidence is that this damage might be produced by heavy seas, and it was shown she had encountered these. The circumstances, therefore, do not show any defect in the steamer or fault in her management.
Then it was shown that the work of repairing the steamer was done with as much dispatch as the untoward circumstances in which she was placed permitted, and that as soon as she was repaired she proceeded to Boston and arrived there at a reasonable time.
On these reasons we think- there was no delay that can be attributed to any fault in the vessel or her management. And it is only such delay that can authorize the withholding of any part of the stipulated price.
On the facts stated the court find that the claimant is entitled to recover from the United States on said charter-party for six days’ service of the steamer George Shattuck, at $350 per day, amounting to the sum of $2,100, for which judgment will be certified.